IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-739

 Filed: 7 July 2020

Onslow County, No. 18CVS3707

WENDY PIPER STITZ, GLENN THOMAS PIPER, and NADINE PIPER
TIMPANARO, Plaintiffs,

 v.

LAUREN PIPER SMITH and husband COLIN BRYANT SMITH, Defendants.

 Appeal by Plaintiffs from order entered 25 February 2019 by Judge Phyllis M.

Gorham in Onslow County Superior Court. Heard in the Court of Appeals 4 March

2020.

 Harvell and Collins, P.A., by Wesley A. Collins and Samuel K. Morris-Bloom,
 for Plaintiffs.

 Mewborn & DeSelms, Attorneys at Law, by Brett J. DeSelms and Sarah N.
 Sherrington, for Defendants.

 DILLON, Judge.

 Plaintiffs Wendy Piper Stitz, Glenn Thomas Piper, and Nadine Piper

Timpanaro (collectively “Plaintiffs”) are siblings. They brought this action against

their sister, Defendant Lauren Piper Smith, and her husband Defendant Colin

Bryant Smith (collectively “Defendants”). Plaintiffs claim that Defendants

wrongfully converted certain assets of their mother (“Mother”), now deceased, during

Mother’s lifetime while Defendants lived with Mother.
 STITZ V. SMITH

 Opinion of the Court

 Plaintiffs appeal from an order entered by the trial court dismissing their

claims for lack of subject matter jurisdiction (based on the pendency of a separate

caveat in Mother’s estate proceeding) and for failure to state a claim.

 I. Background

 This matter is a dispute over two assets, which, as alleged by Plaintiffs, are as

follows: (1) the proceeds from savings bonds owned by Mother and Plaintiffs that

were liquidated by Mother during her lifetime and placed into an account jointly

owned by Mother and Defendant Lauren and (2) an annuity, in which Defendant

Lauren was the sole beneficiary, which was acquired by Mother converting a certain

life insurance policy she owned in which all of her children had been named

beneficiaries.

 The allegations of the complaint state essentially as follows:

 During her lifetime, Mother purchased a number of Series EE Savings Bonds,

where each bond was owned by Mother and one of her children, such that each of her

children co-owned some bonds with her. Also, Mother purchased a life insurance

policy, naming her children as beneficiaries.

 In 1989, Defendants moved in with Mother and remained there until Mother’s

death twenty-seven (27) years later.

 In 2008, Mother executed a power of attorney naming her daughter, Defendant

Lauren, as her attorney-in-fact.

 -2-
 STITZ V. SMITH

 Opinion of the Court

 At some point, Defendants learned of the savings bonds. In late 2012 and early

2013, Defendants transported Mother to the bank to cash in the savings bonds

Mother owned with each Plaintiff. The proceeds were placed into an account jointly

owned by Mother and Defendant Lauren. Mother directed Defendant Lauren to send

the proceeds from the bond sales to each Plaintiff.

 In late 2013, Mother executed her Last Will and Testament, naming

Defendants as the sole beneficiaries. She expressly left nothing to any of the

Plaintiffs, stating that this was due “not for the lack of affection, but because I have

made gifts to them previously, including savings bonds which I have bought in their

names.”

 Shortly after signing her will, Mother rolled her life insurance policy, in which

all her children were named beneficiaries, into an annuity, naming Defendants as the

sole beneficiaries.

 In 2016, Mother died. In 2017, Defendant Lauren qualified as the Executrix

of Mother’s estate.

 Plaintiffs only learned of the savings bond proceeds and the annuity after their

Mother’s death. They requested that Defendants turn over the proceeds to them, but

Defendants refused.

 In 2018, Plaintiffs filed a caveat to their Mother’s will. Also, in 2018, they filed

this separate civil action concerning the savings bond proceeds and the annuity.

 -3-
 STITZ V. SMITH

 Opinion of the Court

 Defendants moved to dismiss Plaintiffs’ complaint in this civil action. The trial

court granted Defendants’ motion based on Rule 12(b)(1) and Rule 12(b)(6).

 Plaintiffs appealed.

 II. Analysis

 A. Rule 12(b)(1)

 The trial court dismissed Plaintiffs’ claim pursuant to Rule 12(b)(1),

presumably based on the pendency of the caveat in Mother’s estate proceeding.

 We conclude that the trial court erred in dismissing Plaintiffs’ claims based on

Rule 12(b)(1), as the subject-matter of the claims in this action are not part of

Mother’s estate. Specifically, the deposit account where the proceeds from the

savings bond sales were placed was owned by Mother and Defendant Lauren, with a

right of survivorship, and thus was not part of Mother’s estate to be administered

pursuant to Chapter 28A. The annuity owned by Mother names Defendants as

beneficiaries, and likewise is not part of Mother’s estate to be administered pursuant

to Chapter 28A. Indeed, our Court has recognized that “[w]hile the[se] claims arise

from administration of an estate, their resolution is not part of the administration,

settlement and distribution of estates of decedents so as to make jurisdiction properly

exercisable initially by the clerk.” Ingle v. Allen, 53 N.C. App. 627, 629, 281 S.E.2d

406, 407 (1981) (internal quotation marks omitted) (citations omitted). As such, these

assets are not part of the caveat proceeding. See, e.g., Cornwell v. Huffman, 258 N.C.

 -4-
 STITZ V. SMITH

 Opinion of the Court

363, 369, 128 S.E.2d 798, 802 (1963) (life insurance policies with named beneficiaries

are not part of estate administration proceeding). The superior court has subject-

matter jurisdiction to resolve the issues concerning the rightful owner of these assets

in this present action.

 B. Rule 12(b)(6)

 In this action, Plaintiffs seek an order directing Defendants to turn over the

proceeds from the savings bonds and their portion of the proceeds from the annuity.

Plaintiffs have alleged several legal theories/causes of action to support their prayer

for relief regarding ownership of these assets. We address each in turn.

 1. Conversion of the Savings Bonds Proceeds

 Plaintiffs allege that Defendants have converted the proceeds from the bonds

for their own use. “The tort of conversion is well defined as an unauthorized

assumption and exercise of the right of ownership over goods or personal chattels

belonging to another, to the alteration of their condition or the exclusion of an owner’s

rights.” Peed v. Burleson’s, Inc., 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956).

 Here, Plaintiffs have essentially alleged as a theory that Mother cashed in the

bonds she owned with Plaintiffs; that Mother relinquished any claim to the proceeds

from the sale of said bonds in favor of Plaintiffs; that Defendant Lauren, as her

attorney-in-fact, told Mother that she would distribute the proceeds to Plaintiffs; but

 -5-
 STITZ V. SMITH

 Opinion of the Court

that Defendants have refused to do so, claiming ownership of the proceeds. We

conclude that Plaintiffs have sufficiently alleged a claim for conversion.

 Defendants, though, claim that the conversion claim, as alleged, necessarily

fails based on the statute of limitations. Indeed, the party pleading conversion must

bring the claim within three years from the time the property was converted. See

County Bd. of Educ. of Granville County v. State Bd. of Educ., 107 N.C. 366, 12 S.E.

452 (1890) (stating that the statute of limitations for a claim of conversion is three

years). Defendants point out that Plaintiffs have alleged that the bonds were sold in

2013 but did not bring this action for conversion until 2018. We disagree. We

conclude that, as alleged, the statute of limitations did not begin to run until

Defendants refused to turn over the proceeds when the rightful owners, i.e. Plaintiffs,

asked for the money in 2017. As our Supreme Court, adopting the reasoning of a

dissent from our Court, has held, “[t]he essence of conversion is not the acquisition of

property by the wrongdoer, but a wrongful deprivation of it to the owner.” Horry v.

Woodbury, 189 N.C. App. 669, 678, 659 S.E.2d 88, 93 (2008) (McCullough, J.,

dissenting) (emphasis added), rev’d, 363 N.C. 7, 673 S.E.2d 127 (2009).

 2. Unjust Enrichment/Constructive Trust-Savings Bond Proceeds

 As an alternate theory, Plaintiffs claim that Defendants have been unjustly

enriched by the fact that the account became Defendant Lauren’s property by

operation of law when Mother died, as the proceeds from the bond sales were held in

 -6-
 STITZ V. SMITH

 Opinion of the Court

an account which she owned with Mother with right of survivorship. As such,

Defendants hold the proceeds in a constructive trust for the benefit of Plaintiffs.

 To bring a claim for unjust enrichment, “a party must have conferred a benefit

on the other party. The benefit must not have been conferred officiously [and] . . .

[t]he benefit must not be gratuitous and it must be measurable.” Booe v. Shadrick,

322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988) (citation omitted).

 In certain instances, our Court has found a constructive trust to have been

formed in situations such as this. Generally,

 [a] constructive trust is a duty, or relationship, imposed by
 courts of equity to prevent the unjust enrichment of the
 holder of title to, or of an interest in, property which such
 holder acquired through fraud, breach of duty or some
 other circumstance making it inequitable for him to retain
 it against the claim of the beneficiary of the constructive
 trust.

Wilson v. Crab Orchard Dev. Co., 276 N.C. 198, 211, 171 S.E.2d 873, 882 (1970)

(citations omitted). While it has been held that a fiduciary relationship is generally

“the basis for constructive trust claims,” it is not a requirement, and thus, can be

formed without such relationship between the parties. See Variety Wholesalers, Inc.

v. Salem Logistics Traffic Servs., LLC, 365 N.C. 520, 530, 723 S.E.2d 744, 752 (2012).

 We conclude that Plaintiffs have adequately pleaded a claim based on unjust

enrichment/constructive trust. We reject Defendants’ argument that this claim is

barred by the statute of limitations, concluding that the action did not accrue until

 -7-
 STITZ V. SMITH

 Opinion of the Court

Defendants exercised ownership over the proceeds, which did not occur until at least

after Mother’s death in 2016. See Christenbury Eye Center, P.A., v. Medflow, Inc.,

370 N.C. 1, 7, 802 S.E.2d 888, 892 n. 4 (2017) (stating that the statute of limitations

for an unjust enrichment claim is three (3) years according to N.C. Gen. Stat. § 1-

52(1) (2018)).

 3. Interference With Inheritance/Undue Influence – Annuity

 Plaintiffs essentially allege that they have a right to a share of the annuity

proceeds that they would have received under the life insurance policy. Specifically,

they allege that Defendant Lauren exerted undue influence to cause Mother to

convert the policy to an annuity. In convincing Mother to convert her life insurance

policy into an annuity naming Defendants as the sole beneficiaries, Plaintiffs are

losing a potential economic advantage.

 Based on our holding in Matthews v. James, 88 N.C. App. 32, 362 S.E.2d 594

(1987), we conclude that Plaintiffs have stated a claim for which relief can be granted.

In Matthews, the decedent had purchased a life insurance policy during his lifetime,

naming the plaintiff as a beneficiary. Id. at 35-37. After decedent’s death, the

plaintiff discovered that the beneficiary designation had been changed by decedent

in favor of the defendant. Id. at 36-37. Our Court held that the plaintiff could bring

a civil action to rescind the change of beneficiary where he claimed that the defendant

procured the change by undue influence. Id. at 39, 362 S.E.2d at 599. We recognize

 -8-
 STITZ V. SMITH

 Opinion of the Court

in the present action that the conversion from a life insurance policy into an annuity

cannot be rescinded; however, the beneficiary designation still can be.

 We note, though, that in Matthews, the estate of the decedent was a named

party to the action. We direct the trial court on remand to add Mother’s estate as a

party.

 4. Conversion/Unjust Enrichment – Annuity

 For the reasoning stated above, we conclude that Plaintiffs have stated a claim

for their share of any proceeds Defendants received from the annuity within three

years of the filing of the complaint.

 5. Breach of Fiduciary Duty and Constructive Fraud Claims

 Plaintiffs assert claims based on a breach of fiduciary duty and constructive

fraud. We agree with the trial court that Plaintiffs have failed to allege facts

establishing that Defendant Lauren owed a fiduciary duty to Plaintiffs. Rather, as

Mother’s power of attorney, Defendant Lauren owed a fiduciary duty to Mother. See

O’Neal v. O’Neal, 254 N.C. App. 309, 312, 803 S.E.2d 184, 187 (2017) (The agency

relationship that is created by a power of attorney “is between one who gives the

power, the principal, and one who exercises authority under the power of attorney,

the agent [or attorney-in-fact]”).

 It may be that where an executor refuses to assert claims on behalf of the

estate, beneficiaries may step in and assert those claims where the estate is also a

 -9-
 STITZ V. SMITH

 Opinion of the Court

named party. However, at this point, Plaintiffs have failed to show that they are

beneficiaries under Mother’s will. Rather, they have pleaded that Mother’s will

expressly disinherits them. Plaintiffs, therefore, lack standing, as Mother’s will has

not yet been set aside in the caveat proceeding.

 Likewise, Plaintiffs’ claims based on constructive fraud fail since Defendants

owe no fiduciary duty to Plaintiffs. Indeed, our Court has held “[t]o survive a motion

to dismiss, a cause of action for constructive fraud must allege (1) a relationship of

trust and confidence, (2) that the defendant took advantage of that position of trust

in order to benefit himself, and (3) that plaintiff was, as a result, injured.” White v.

Consolidated Planning, Inc., 166 N.C. App. 283, 294, 603 S.E.2d 147, 156 (2004)

(citations omitted). However, as there was no relationship of trust or confidence

between Plaintiffs and Defendant Lauren, this claim fails.

 III. Conclusion

 We reverse the trial court’s order in part. We reverse the trial court’s order

dismissing Plaintiffs’ claims based on Rule 12(b)(1). We reverse, in part, the trial

court’s order dismissing some of Plaintiffs’ claims based on Rule 12(b)(6). Specifically,

we hold that Plaintiffs have stated claims for conversion and unjust enrichment

concerning the proceeds from the savings bonds and concerning any proceeds that

Defendants have enjoyed from the annuity within three years of the filing of the

complaint. We also hold that Plaintiffs have stated a claim for undue

 - 10 -
 STITZ V. SMITH

 Opinion of the Court

influence/rescission of the change of beneficiary concerning the annuity. On remand,

Plaintiffs shall be allowed to pursue these claims, and Mother’s estate will be added

as a party. We affirm the order in all other respects.

 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

 Judges ZACHARY and HAMPSON concur.

 - 11 -